AMOS WADE and A. G. HUBBARD *v.* J. J. and E. W, PELLITIER.

The recital in a Sheriff's deed that the land of A was levied on and sold, cannot, by parol evidence, be enlarged so as to include the interest of B in the same; although at the time of the sale, the Sheriff had in his hands executions against both A and B, and stated that the interest of B was at the time sold.

(*Carter* v. *Spencer*, 7 Ired. 14, cited and distinguished from this; *Brem* and *Means* v. *Jameson*, 70 N. C. Rep. 566, cited and approved.)

CIVIL ACTION, for the recovery of real estate, tried before *Clarke, J.,* at Spring Term, 1874, of the Superior Court of CARTERET county.

The suit was originally brought against J. J. Pellitier alone, E. W. Pelletier being admitted to defend, on his own motion, at June Term, 1872, claiming, as he did, an interest in the lands described in the complaint and sought to be recovered by the plaintiffs.

For the plaintiffs, a deed from the sheriff of Carteret county to them, conveying the lands in dispute, was read. This deed bore date the 22d May, 1869, and set forth a sale of said lands by the sheriff on the 27th April, 1869, by virtue of a certain writ of *ven. ex.* issued from the Superior Court of Carteret county, wherein B. L. Perry, C. M. E., was plaintiff, and J. J. Pellitier, John Hall, T. S. Gillet and W. F. Bell were defend- ants. This writ of *ven. ex.* was issued on a levy made in 1861 by the sheriff of Carteret county on the lands described in the plaintiffs' complaint. That at the time of the sale by the sheriff as above set forth, he had in his hands several executions and writs of *ven. ex.* against the defendants, J. J. Pelli- tier and E. W. Pellitier, under which, with that referred to in the said deed, he sold the interest of E. W. Pellitier in the said lands.

The plaintiffs further proved that the defendant J. J. Pelli- tier was in the actual possession of the land at the time the

levy was made and has continued in the exclusive possession of the same ever since.

There was no evidence offered by E. W. Pellitier that his homestead had been laid off out of the land in controversy; but it appeared that such homestead had been laid off in another tract of land since said sale.

The jury found a verdict for the plaintiffs. Judgment accordingly, and appeal by E. W. Pellitier upon the following grounds:

1. The sheriff's deed purports to convey to the plaintiffs the land of J. J. Pellitier only.

2. That E. W. Pellitier's interest in the land was not embraced in the levy under A. G. Hubbard's execution, that execution referring to J. J. Pellitier only as owner of the land.

3. That on the above state of facts, E. W. Pellitier, at the time of the sale to the plaintiffs, was entitled to a homestead in the lands, which was subsequently laid off to him in another tract.

*H. R. Bryan* and *Battle & Son*, for appellant.
*Justice, Green* and *Haughton*, contra.

READE, J. If the sheriff had had several executions against the defendant, E. W. Pellitier, some good and some bad, and had sold under all, and in his deed to the purchaser had recited the bad and had not recited the good, the title would have passed, notwithstanding the mis-recital or non-recital of the good. For this, *Carter* v. *Spencer*, 7 Ired. 14, and the cases there cited are authority.

But in the case before us there is no recital of any power, good or bad, under which the sheriff sold the land of E. W. Pellitier, nor indeed is there any recital or pretense in the deed to the purchaser that he had sold the land of E. W. Pellitier at all. The recital is that he had sold the land of J. J. Pellitier, and the deed purports to convey the land of J. J. Pellitier only. And there is nothing but parol evidence to

connect the sale or the deed with the land of E. W. Pellitier. This cannot be. It would be the same as to sell and convey land by parol, contrary to the statute of frauds. The effect of the deed is to pass title to the land of J. J. Pellitier, or whatever interest he had therein, but it does not pass title to the land of E. W. Pellitier or any interest he had therein, not because of any mis-recital or non-recital of executions, but because the deed does not purport to convey the land of E. W. Pellitier at all under any power good or bad. *Brem and Means* v. *Jameson*, 70 N. C. Rep., p. 566.

There is error. This will be certified.

PER CURIAM. *Venire de novo.*